Paul Gallardo
Flaherty Gallardo Lawyers
1026 1ST Ave. S.
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile: (406) 727-8537
paul@greatfallsfirm.com

      Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-25-84-GF-BMM** |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| TREYSON LEE SHARP | |
| Defendant. | |

COMES NOW, Defendant Treyson Sharp, by and through undersigned counsel, and respectfully submits this Sentencing Memorandum setting forth all factors the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). The Defense recommends a low-end guideline of 18 months.

# I. INTRODUCTION

## A. Offense Conduct

This is a tragic case on many fronts. Someone lost their life one tragic day. Someone of such great value, so much potential. Someone who was loved by many, and will continue to be loved by many.

This was an accident. One of negligence. Given that Mr. Sharp was playing with a gun around another person, this was a case of gross negligence. Mr. Sharp accidentally shot someone he loved. The 911 call and follow-up response reflects the sheer panic and terror Mr. Sharp experienced when the gun went off.

The victim's loss has been felt throughout the community. The loss has also been felt by Mr. Sharp. Though, he carries the perpetual burden of knowing that someone special lost her life through his horseplay. For months Mr. Sharp considered ending his life from all the guilt he had. His family urged him to attend counseling, which has helped him. He still attends counseling, and may require regular counseling for some time.

## B. Conviction and Sentencing Summary

Treyson Sharp is being sentenced after pleading guilty to Involuntary Manslaughter. This offense carries a maximum sentence of eight (8) years imprisonment, $250,000 fine, and three years of supervision. This plea was the result of a Plea Agreement whereby the Government agrees to dismiss Count 2 charging Possession of an Unregistered Firearm.

Mr. Sharp's Presentence Investigation Report (PSR) reflects a Criminal History Category of I, with no criminal history, a calculated total offense level of 15, and a guideline range of 18 to 24 months imprisonment. PSR ¶ 64.

### C.  Mr. Sharp's Background

Mr. Sharp is a 22-year old man who was born into a supportive, loving family. He was born and raised in Browning, Montana. He had a very positive upbringing, and was all around a "good kid." He has had no issues with drugs or alcohol. And, he had no run ins with the law prior to this case.

Mr. Sharp graduated from Browning High School in 2022, and graduated from Montana Technological University in Butte, Montana, receiving a pre-apprentice lineman program certificate. He worked as a firefighter in the past, and most recently worked full time for BNSF Railway. His foreman described him as a "phenomenal" worker and is the "number one guy on certain jobs." Unfortunately, Mr. Sharp was let go from BNSF pending this case, but is hoping to secure similar employment after serving his sentence in this case.

## II.  SENTENCING MANDATE

This Court is well familiar with the sentencing mandate and holdings in *U.S. v. Booker,* 543 U.S. 220 (2005); *Rita v. U.S.*, 551 U.S. 338 (2007), and *Gall v. U.S.*, 552 U.S. 38 (2007). Essentially, the only restriction placed on this Court is the

parsimony provision of 18 U.S.C. § 3553(a), which requires the Court to "impose a sentence sufficient, but not greater than necessary." As such, the Court is free to fashion any reasonable sentence supported by facts, evidence, and relevant sentencing statutes.

### III. Mr. Sharp's Sentence

#### A. Relevant Factors under § 3553(a)

**1.** <u>Mr. Sharp's Characteristics and the Nature and Circumstances of the Offense</u>

These areas were addressed in the previous sections. Treyson Sharp takes full responsibility for his actions. As to Mr. Sharp's character, the letters in support of him reflect the type of person that Mr. Sharp is. He is a good kid and a hard worker. He never meant to harm anyone and has no criminal history. He has the potential to have a bright future ahead of him, which is difficult to express because another life was cut short. Mr. Sharp is living with his guilt, and frankly, needs some time in prison to help move on with his life. A low-end guideline range adequately reflects the nature of the offense.

2. <u>Reflect Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment</u>

The Defense recognizes the seriousness of the offense. A life was lost. This loss was an act of negligence, a terrible moment of misjudgment. It was not an act of malice, nor was any harm intended. The Defense has presented the Court with a

sentencing proposal that it believe satisfies the sentencing goals, one where the Sentencing Commission believes satisfies the sentencing goals. The Defense's requested sentence properly reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment for the offense to which Mr. Sharp plead. He will spend some time in custody, followed by supervised release.

3. <u>Protect the Public from Further Crimes of the Defendant</u>

The public will best be protected from further crimes no matter what sentence is imposed. This particular crime was an anomaly, and the Defendant is highly unlikely to commit other crimes in the future.

4. <u>Need to Avoid Unwarranted Sentence Disparities</u>

Individuals with minimal criminal history convicted of Involuntary Manslaughter typically receive sentences at the lower end of the guidelines, or slightly below guideline sentences. See, e.g. *U.S. v. Joanna Sayetsitty*, CR-22-10 (18 months imprisonment, guideline range imposed); *U.S. v. Cade Birdinground*, CR-25-55 (24 months in prison, with a guideline range of 30-37 months); *U.S. v. Jordan Morgan*, CR-22-51 (12 months plus a day, guideline range of 33-41 months, but parties jointly recommended 12 months and a day); *U.S. v. Leo Hagan*, CR-17-71 (18 months, with guideline range of 51-63 months in prison).

The Defendant's recommended sentence is not a below guideline sentence, but falls squarely with sentences imposed for similarly situated individuals.

**IV.    Defense's Sentencing Recommendation**

After considering the provisions above, and the 18 U.S.C. §3553(a) factors, the Defense recommends this Court impose a sentence of 18 months in prison. Mr. Sharp also asks that he be allowed to self surrender.

RESPECTFULLY SUBMITTED this 16th day of March, 2026.

/s/ Paul Gallardo
Paul Gallardo
Attorney for Defendant

**CERTIFICATE OF SERVICE**
**L.R. 5.2(b)**

I hereby certify that on March 16, 2026, a copy of the foregoing document

was served on the following persons by the following means:

 1, 2      CM-ECF
           Hand Delivery
           Mail
           Overnight Delivery Service
           Fax
           E-Mail

1.     CLERK, UNITED STATES DISTRICT COURT

2.     MEGAN M. RACHOW
       Assistant United States Attorney
       United States Attorney's Office
       P.O. Box 3447
       Great Falls, MT 59403

       Counsel for the United States of America

       /s/ Paul Gallardo